UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GREGORY ADOLPH,**

        Plaintiff,

vs.                                Civ No.  03-1081 MCA/LCS

**CORRECTIONAL MEDICAL SERVICES,
INC., WILLIAM SHANNON, M.D., ADAMS,
M.D., CATHIE RUTIN, R.A., ALVIN MUNIZ,
R.N., R. PASNEVSLI, R.N.,**

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 filed September 17, 2003 (Doc. 1) and upon Defendants' Motion for Summary Judgment filed February 5, 3004 (Doc. 15).  On September 29, 2003, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this case pursuant to 28 U.S.C. § 636(b)(1).  Having considered the Motion, the record, relevant law, and being otherwise fully advised, I recommend Defendants' Motion for Summary Judgment be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

    **PROPOSED FINDINGS**

    1.        Plaintiff, a pro se litigant proceeding in forma paupers, filed a Civil Rights Complaint

in this Court alleging that Defendants acted with deliberate indifference when they did not give him his medications to treat an eye injury and that such action constituted violation of his Fourteenth Amendment rights. Doc. 1 at 3(a). The Complaint seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983. *Id.* at 5.

2. On or about January 1, 2001, Plaintiff received a superficial stab wound to his left eye and he underwent surgery at the University of New Mexico Hospital to repair the damage. *Id.* at 2(b). After the surgery, he was given five medications which he was to take as directed. *Id.*

3. On January 8, 2001, Plaintiff was arrested and was taken to the Bernalillo County Dentention Center ("BCDC") where he was promptly examined by an intake nurse and doctor and it was determined that he would need to continue taking four types of medication for his eye. *Id.* Plaintiff alleges that he did not received the medication and that he suffered from eye pain as a result. *Id.* at 2(c). He complained about not receiving his medication daily for fourteen days and the medical staff did not treat him or give him his medications. *Id.* He stated that one day before he was discharged, he was given some of his medications but by then it had been two weeks since he had last taken any of his medications. *Id.* Plaintiff was discharged from BCDC on January 23, 2001 and alleges that he suffered irreparable damage to his eye as a result of not receiving his medications for two weeks. *Id.* Plaintiff was rearrested on May 6, 2001 and taken to the BCDC; Plaintiff is currently incarcerated at Lea County Corrections Facility. Doc. 17 at 2.

4. The BCDC has a formal grievance procedure which indicates that grievance forms are available upon request and that a grievance must be submitted within five working days of the situation on which the grievance is based. Def. Ex. A. After the grievance is submitted, a Case Manager forwards the complaint within two working days with his recommendation for resolution.

Should the situation threaten an inmate's immediate health or safety, the complaint is processed immediately. *Id.* Further, the Chairman schedules a hearing within three working days of the date of receipt. *Id.* Finally, if an inmate receives an adverse decision, he may formally appeal to the facility director. *Id.* An appeal must be submitted in writing on an appeal form within three working days from the date the inmate receives a response from the Chairman of the Grievance Committee. *Id.* The appeal, if it is not frivolous or based on unsubstantiated grounds, will be considered and a ruling is made within five days or within two working days of a formal hearing, if one is held. *Id.*

 5. According to an affidavit by Donald L. Crutchfield, who was the officer who received and processed inmate grievances at BCDC, Plaintiff did not file an official grievance regarding his medical treatment between the dates of January 8, 2001 and January 23, 2001. Def. Ex. B.

 6. Plaintiff alleges that his written grievances were either refused or discarded and that BCDC failed to provide adequate information to inmates with regard to filing grievances. Doc. 17 at 2, 7. Plaintiff further alleges that inmates were not allowed to keep copies of their grievance forms nor was a copy provided at the time the grievance is submitted. *Id.* at 3. After his rearrest in May 2001, Plaintiff submitted a formal grievance on May 10, 2001 stating that he was not receiving his eye medication. Pl. Ex. A. Plaintiff stated he received a response to this grievance but does not state what that response was. Doc. 17 at 3.

 7. Plaintiff also asserts that he sent two certified letters to Defendants, one on February 13, 2003 and one on March 6, 2003. Doc. 1 at 5; Doc. 17 at 5. An internal memorandum dated on March 28, 2003 from Cathie Rutin to Donald Crutchfield noted that an attorney, Kirtan Khalsa, had sent a letter regarding Plaintiff which stated that Correctional Medical Services ("CMS") and BCDC "'failed to provide Mr. Adolph with adequate and proper medical treatment and care for an injury,

infection and inflammation of his left eye'" Pl. Ex. D.

## STANDARD

8. This court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the Court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

9. The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ulitmate burden of persuasion at trial, it may satisfy is burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the

4

non movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

10.  If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Muñoz*, 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

**ANALYSIS**

**Exhaustion of Administrative Remedies**

11.  Defendants claim that they are entitled to summary judgment because Plaintiff has failed to exhaust the requisite administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that available administrative remedies be exhausted prior to filing an action with respect to prison conditions under 42 U.S.C. § 1983. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Further, "[a]n inmate wo begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id.*

Congress has eliminated both discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be 'plain, speedy, and effective.' *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.  *Id.*  Administrative review by corrections officials is intended to reduce the quanitity and improve the quality of prisoner suits. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  The PLRA's exhaustion requirement applies to all suits about prison life. *Porter*, 534 U.S. at 525.

12.     In the case of prisoner civil-rights complaints, the prisoner must "explain his attempts to exhaust available administrative remedies.  *Steele*, 355 F.3d at 1211.  Further, "a prisoner must . . .attach copies of administrative proceedings or describe their disposition with specificity.  *Id.* Should a prisoner fail to make "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.* (internal citation omitted).  Because Plaintiff fails to do this, as will be explained in greater detail below, his Complaint should be dismissed.

13.     Mr. Crutchfield's affidavit states that Plaintiff never filed a grievance regarding his medical treatment between the dates of January 8, 2001 and January 23, 2001.  Def. Ex. B.  Plaintiff asserts that he attempted to file a grievance during that time but that it was either refused or discarded.  Doc 17 at 2.  Plaintiff did not exhaust his administrative remedies, as he offers no proof of his formal grievance from that time period, nor does he offer evidence that his grievance went through the stages of the BCDC's formal grievance procedure.  Doc. 16 Ex. A; *Steele*, 355 F.3d at 1211.  Plaintiff filed a  formal grievance on May 10, 2001.  Pl.  Ex.  A.  Plaintiff asserts that he

6

received a response to this grievance but does not state what that response was; thus, he fails to make "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome." Doc. 17 at 3; *Steele*, 355 F.3d at 1211 (internal citation omitted). Finally, Plaintiff points to two certified letters that were sent to Defendants in February and March 2003. Doc 1 at 5; Doc 17 at 5. An internal memorandum from Ms. Rutin to Mr. Crutchfield dated March 28, 2003 notes that a letter was received stating that Defendants "'failed to provide [Plaintiff] with adequate and proper medical treatment and care for an injury, infection and inflammation of his left eye.'" Pl. Ex. D. Thus, from the memorandum it appears that Defendants were aware of Plaintiff's grievance. *Id.* However, as the Tenth Circuit noted, notice of Plaintiff's claims by means other than the prison grievance process is not sufficient and "substantial compliance does not apply." *Jernigan*, 304 F.3d at 1032. Plaintiff's certified letters are clearly not in compliance with the BCDC's grievance procedure which requires that grievances be made on a grievance form which is available upon request. Def. Ex. A.

14.     From the record before me, Plaintiff has not gone through the grievance process as outlined by the BCDC. The closest Plaintiff comes is a formal grievance he submitted on May 10, 2001. Pl. Ex. A. Plaintiff goes on to state that he received a response to this grievance but he does not indicate what that response was. Doc. 17 at 3. He does not "attach copies of administrative proceedings or describe their disposition with specificity." *Steele*, 355 F.3d at 1211. Further, the BCDC has an appeal process and if the response to his grievance was unfavorable, Plaintiff should have filed an appeal because an inmate has not exhausted his administrative remedies if he begins the grievance process but does not complete it. Def. Ex. A; *Jernigan*, 304 F.3d at 1032. As the record now stands, Plaintiff does not adequately indicate to the Court that he completed the formal grievance

process and he has, thus, not exhausted his administrative remedies. I recommend that Defendants' Motion for Summary Judgment be granted and Plaintiff's Complaint be dismissed without prejudice for Plaintiff's failure to exhaust adminstrative remedies.

### RECOMMENDED DISPOSITION

I recommend that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**